THE CASPIAN. THE ADRIATIC. PANAMERICAN PETROLEUM & TRANSPORT CO. v. MARTIN et al.

(Circuit Court of Appeals, Third Circuit. September 10, 1926.)

No. 3461.

Towage ⬤⟞15(2).

Finding of trial judge that stranding of steamship while being docked by tugs was not due to negligence of tugs affirmed.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Dickinson, Judge.

Suit in admiralty by the Pan-American Petroleum & Transport Company, owner of the tank steamship Frederick R. Kellogg, against Patrick F. Martin and others and the steam tugs Caspian and Adriatic; Patrick F. Martin, claimant. Decree for respondents, and libelant appeals. Affirmed.

For opinion below, see 14 F.(2d) 1006.

Howard M. Long, of Philadelphia, Pa., and Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and Frederic Conger, both of New York City, of counsel), for appellant.

H. Alan Dawson, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and RELLSTAB, District Judge.

PER CURIAM. This is an appeal from the decree of the District Court in personam against the individual appellees, owners of the steam tugs Caspian and Adriatic and in rem against the tugs.

The libelant appellant was the owner of the tank steamer, Frederick R. Kellogg, which was loaded with crude oil consigned to the Texas Oil Company, whose plant is located on the west shore of the Delaware river just south of Marcus Hook, Pa. Patrick F. Martin was the agent of the other respondents, and managed and operated the tugs for himself and them. The libelant entered into an agreement with him to have the tugs berth or assist in berthing the Kellogg alongside the Texas Company pier, which extended some distance into the river, on her arrival at Marcus Hook from the

Lobos Islands. She arrived off the pier at about 6:40 o'clock in the evening of April 13, 1919. She was met there by the tugs and her berthing was begun. While she was being berthed, her bow swung to port toward the western shore and her stern fetched up on a rock, bar, shoal, or other obstruction. "Her bow continued to swing to port until she stranded both fore and aft, so that she lay stationary athwart the river," some distance off the pier. Libelant alleges that the stranding and consequent damages "were due solely to the negligence of (the personal) respondents and of the steam tugs Caspian and Adriatic and those in charge of them in the following respects:

"(1) Said tugs were not under the charge of competent persons.

"(2) Said tugs and their masters, who were the servants and agents of the respondents, so navigated the Kellogg that she fetched up on a rock or rocks, the location of which was or should have been well known to them.

"(3) The respondents and their servants and agents failed to make due allowance for the state and flow of the tide.

"(4) The respondents and their servants and agents did nothing to keep the Kellogg from grounding on a rock or rocks, the location of which was or should have been well known to them."

The respondents filed an answer denying negligence. The issues were tried before the late Judge McKeehan, whose illness prevented him from deciding the case before his death. By stipulation the evidence taken before him was treated as if taken before Judge Dickinson, and the case was reargued before him. He found that "every proper precaution to inform themselves of the conditions (of the river at Marcus Hook) was taken by the respondents, and that, under the conditions known and which should have been known to them, it was good judgment to attempt to do what was done, and there was no negligence in it." Hence he dismissed the libel.

The libelants brought the case here on appeal, based upon sixteen assignments of error, which have been summarized in four propositions:

"(1) The Kellogg, while in charge of respondents' tug master assisted by respondents' tugs, stranded on a known shoal on the river bottom off the Texas Company pier.

"(2) The government chart shows only 24 feet of water where the steamer stranded, and respondents' tugs and employees

should have known of the danger in attempting to manœuvre a steamer drawing 26.6 feet off this pier at low tide.

"(3) Proper soundings were not taken previous to the attempt to berth the steamer.

"(4) The tug owners, respondents, have failed to sustain the burden of proving that the Kellogg stranded on an unknown obstruction, and that the stranding was without any negligence on their part or on the part of those for whom they are responsible."

These propositions are fully answered adversely to the appellant in the opinion of the learned District Judge with which we agree, and therefore the decree is, on his opinion, affirmed.